FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 31, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CURTIS B. FISHER,<br><br>          Petitioner,<br><br>    v.<br><br>ROB JACKSON,<br><br>          Respondent. | No. 1:25-cv-03059-SAB<br><br>**ORDER DISMISSING HABEAS CORPUS PETITION** |

Petitioner Curtis B. Fisher, a prisoner currently housed at the Washington State Penitentiary, filed a *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 on May 5, 2025. ECF No. 1. He paid the $5.00 filing fee on May 20, 2025.

**HABEAS PETITION**

Petitioner challenges his 1979 Yakima County sentence for one count of second-degree murder after entering into a plea agreement. ECF No. 1 at 1–2. He is currently serving a sentence of "not more than life[,]" which he received as a juvenile in adult court. *Id*. at 1; ECF No. 1-1 at 8, 11. In 1992, Petitioner unsuccessfully pursued in this District Court a federal habeas challenge to his 1979 sentence. *See Fisher v. Bail*, No. 2:92-CV-00295-CI. On February 8, 1993, the District Court dismissed with prejudice Petitioner's federal habeas claims one

**ORDER DISMISSING HABEAS CORPUS PETITION -- 1**

through five, and dismissed without prejudice his sixth federal habeas claim as unexhausted but not procedurally barred. *Fisher v. Bail*, No. 2:92-CV-00295-CI, ECF No. 26.

On May 19, 2025, this Court transferred the Habeas Petition to the U. S. Court of Appeals for the Ninth Circuit ("Ninth Circuit"), on the grounds that it appeared to be a second or successive petition. ECF No. 3. On October 7, 2025, the Ninth Circuit denied Petitioner's application for authorization to file a second or successive habeas petition in the district court "[i]nsofar as the applicant's claims challenge his underlying conviction and sentence[.]" ECF No. 6 at 1.

However, the Ninth Circuit transferred the Petition back to this Court, finding that "[i]nsofar as the applicant's claims challenge the applicant's resentencing proceedings, the application is unnecessary." ECF No. 6 at 2; citing *Brown v. Atchley*, 76 F.4th 862, 872 (9th Cir. 2023) (holding that claims raised in federal habeas petition with regard to resentencing issues did not become ripe until petitioner's application for resentencing was denied). The Ninth Circuit instructed this Court to reopen this action and ordered the Petition to be deemed filed in the District Court on May 5, 2025, the date Petitioner originally filed his Petition in this Court. ECF No. 6 at 2.

## RESENTENCING

Petitioner states that on November 25, 2020, after a change in the law, he filed a CrR 7.8 Motion challenging the constitutionality of his sentence. ECF No. 1 at 2. He asserts that on June 28, 2021, the Yakima County Superior Court granted his motion for a re-sentencing hearing, finding that his current sentence was unconstitutional and invalid on its face. *Id*. Petitioner states the State appealed the order granting his motion for re-sentencing, and on June 11, 2024, the Washington State Court of Appeals, Division III, granted the State's appeal and reversed the decision granting a re-sentencing hearing. *Id*. at 3.

Petitioner states he filed a Petition for Discretionary Review in the

ORDER DISMISSING HABEAS CORPUS PETITION -- 2

Washington State Supreme Court on July 5, 2024. ECF No. 1 at 3. He asserts the Washington State Supreme Court denied his Petition for Discretionary Review on November 6, 2024. *Id*. Petitioner has attached his Petition for Discretionary Review to his federal habeas Petition. ECF No. 1-1.

As grounds for federal habeas relief, Petitioner claims: (1) his sentence constitutes cruel and unusual punishment under the Eighth Amendment and the Washington State Constitution; and (2) he was denied equal protection of the law in violation of the Fourteenth Amendment and the Washington State Constitution. ECF No. 1 at 4.

## EXHAUSTION REQUIREMENT

Before a federal court will consider the merits of a writ of habeas corpus pursuant to 28 U.S.C. § 2254, the petitioner must demonstrate that each claim in the petition has been presented for resolution by the state supreme court. *See O'Sullivan v. Boerkel*, 526 U.S. 838, 845 (1999). To fully exhaust a claim, a petitioner needs to apprise the state courts that he is making a claim under the U.S. Constitution by describing both the operative facts and the federal legal theory on which his claim is based in order to allow the state courts a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim. *See Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

The exhaustion doctrine requires a petitioner to have fully and fairly presented each federal habeas claim to the highest state court. *Baldwin v. Reese,* 541 U.S. 27, 29 (2004); *Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner that raises a state law claim which is merely similar to a federal claim fails to meet the fair presentation requirement. *Duncan v. Henry*, 513 U.S. 364, 366 (1995) (state claim based on state evidence rule admitting inflammatory and irrelevant testimony did not alert state court that petitioner was denied due process in violation of the Fourteenth Amendment). Moreover, it is not enough that all the facts necessary to support the federal claim were before the state courts or

**ORDER DISMISSING HABEAS CORPUS PETITION -- 3**

that a somewhat similar state law claim was made. *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (argument that jury instructions contravened holding in state case insufficient to show state court was apprised of federal constitutional violation).

Mere "general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial," do not establish exhaustion. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citation omitted). "When a petitioner does not label his claim as federal, the mere citation to a state court case that engages in both a state and federal constitutional analysis does not suffice to exhaust the federal claim." *Field v. Waddington*, 401 F.3d 1018, 1022 (9th Cir. 2005) citing *Casey v. Moore*, 386 F.3d 896, 912 n. 13 (9th Cir. 2004) ("For a federal issue to be presented by the citation of a state decision dealing with both state and federal issues relevant to the claim, the citation must be accompanied by some clear indication that the case involves federal issues.").

In the Ninth Circuit, a petitioner must explicitly alert the state court that he or she is making a federal constitutional claim. *Galvan v. Alaska Dep't of Corr.*, 397 F3d 1198, 1204 (9th Cir. 2005) ("If a party wants a state court to decide whether she was deprived of a federal constitutional right, she has to say so. It has to be clear from the petition filed at each level in the state court system that the petitioner is claiming the violation of the federal constitution that the petitioner subsequently claims in the federal habeas petition."). In sum, unless a petitioner presented his or her federal habeas claims fully and fairly to the highest state court, the federal court is without jurisdiction to consider federal habeas claims due to a failure to exhaust. *See* 28 U.S.C. § 2254(b)(1).

On November 6, 2025, in an Order to Show Cause, this Court noted that Petitioner appears to have exhausted only one of the claims set forth in his habeas Petition: his claim that his sentence violates Article 1, Section 14 of the Washington State Constitution, which prohibits grossly disproportionate punishment. ECF No. 9. The Court stated it did not appear that Petitioner had

**ORDER DISMISSING HABEAS CORPUS PETITION -- 4**

argued to the state's highest court that his sentence violates the Eighth Amendment or the federal or state equal protection clauses. *Id*. The Court directed Petitioner to show cause why this action should not be dismissed for failure to exhaust state court remedies. *Id*. at 4–5.

On November 24, 2025, Petitioner filed a response to the Court's Order to Show Cause. ECF No. 12. In his response, Petitioner appears to concede that he has not presented his Fourteenth Amendment or state constitution equal protection claims to the state courts for review. *Id*. at 2–3 ("Petitioner in fully exhausting his claim, had continually and repeatedly made the same argument at ever[y] state level in the State Court…with the sole exception of the 14th Amend. Claim for the violation of the Equal Protection Clause petitioner raised in the Writ of Habeas Corpus currently before the Court for consideration, which had not been ripe for review until after the State Supreme Court denied petitioners Motion for Discretionary Review."). Further, Petitioner attached his Petition for Discretionary Review to his habeas Petition, which shows he did not raise a federal or state equal protection argument before the Washington State Supreme Court. ECF No. 1-1 at 2–31.

As to his Eighth Amendment claim, Petitioner states in his response to the Order to Show Cause, "To the extent of whether petitioner had or had not argued the violation of the Eighth Amendment in his Motion for Discretionary Review to the State Supreme Court, petitioner should not have had to specifically do so." ECF No. 12 at 3. Petitioner asserts the Washington State Supreme Court, in reviewing his Petition for Discretionary Review, had the benefit of all prior proceedings in his case, and therefore, "the State Supreme Court well knew, or at the very least, should have known if they'd done their homework, the full extent of petitioners [sic] claims." *Id*. Petitioner also claims, "in denying petitioners [sic] Motion for Discretionary Review, which would have offered petitioner the opportunity for oral arguments befor [sic] ethe [sic] Justice's, [sic] the Court

**ORDER DISMISSING HABEAS CORPUS PETITION -- 5**

denied petitioner full opportunity to raise all his claims before them, as argued in the prior proceedings of the lower courts." *Id*. Petitioner asserts he should not be penalized because the state's highest court "denied him review, and the opportunity to argue all his claims before them." *Id*. Because Petitioner failed to fully and fairly present the federal issues that are now before this Court, he has failed to properly exhaust his federal claims in the state courts.

Moreover, federal habeas corpus relief may be granted "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). With respect to his only exhausted claim–that his sentence violates Article 1, Section 14 of the Washington State Constitution–Petitioner has failed to state a cognizable claim under § 2254(a). "[I]t is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). The Ninth Circuit has repeatedly held that matters relating to sentencing generally are governed by state law and do not raise a federal constitutional question. *See, e.g., Rhoades v. Henry*, 611 F.3d 1133, 1142 (9th Cir. 2010) (considering argument that sentencing judge violated state law and finding "violations of state law are not cognizable on federal habeas review"); *Souch v. Schaivo*, 289 F.3d 616, 623 (9th Cir. 2002) (state court's alleged misapplication of state sentencing law cannot form the basis of a federal habeas claim).

//
//
//
//
//
//
//
//

**ORDER DISMISSING HABEAS CORPUS PETITION -- 6**

Accordingly, **IT IS ORDERED:**

1. The Petition, **ECF No. 1**, is **DISMISSED**.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, **enter judgment**, forward copies to Petitioner, and **close** the file. The Court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**DATED** this 31st day of December 2025.



_____
Stan Bastian
Chief United States District Judge

**ORDER DISMISSING HABEAS CORPUS PETITION -- 7**